### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF FLORIDA
### FT. MYERS DIVISION

| | |
|---|---|
| **SUSAN MONTEMARANO,** ) | |
| ) | **Case No. 2:23-cv-152** |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | |
| **WELLS FARGO BANK, N.A.,** ) | |
| ) | |
| **Defendant.** ) | |

### COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, SUSAN MONTEMARANO, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, WELLS FARGO BANK, N.A., Plaintiff states as follows:

#### I.   PRELIMINARY STATEMENT

1. This is an action for all damages allowable under the Electronic Funds Transfer Act (hereinafter, "EFTA"), 15 U.S.C. §1693, et seq.

#### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the EFTA, 15 U.S.C. §1693m.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

#### III.   PARTIES

4. SUSAN MONTEMARANO, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Cape Coral, County of Lee, State of Florida.

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1693a(6).

6. At all relevant times, Plaintiff had an asset account in her name with Defendant (hereinafter, "Plaintiff's Wells Fargo Account").

7. At all relevant times, Plaintiff's Wells Fargo Account was established to hold funds used primarily for Plaintiff's personal use and/or household expenditures.

8. At all relevant times, Plaintiff's Wells Fargo Account was an "account" as that term is defined by 15 U.S.C. §1693a(2).

9. WELLS FARGO BANK, N.A., (hereinafter, "Defendant") is a business entity that conducts business within the State of Florida. Defendant is incorporated in the State of Florida.

10. At all relevant times, Defendant was a bank that held Plaintiff's Wells Fargo Account.

11. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

12. At all relevant times, Defendant was a "financial institution" as that term is defined by 15 U.S.C. §1693a(9).

13. At all relevant times, multiple unknown third parties received funds from Plaintiff's Wells Fargo Account, which were transferred to said third parties via an electronic terminal, telephonic instruction or computer or magnetic tape

after the unknown third parties instructed Defendant to transfer funds to various places, including a travel site named "Hopper" as well as several ATM transactions from Plaintiff's Wells Fargo Account.

## IV.   ALLEGATIONS

14.     Throughout March and April of 2022, a total of $2,417.30 was debited from Plaintiff's Wells Fargo Account by a travel website known as "Hopper".

15.     Plaintiff did not authorize any of the transfers, has not had any relationship with Hopper, and has never used the website on her own. Furthermore, Plaintiff did not provide authorization for anyone to use her funds or transfer funds to Hopper on her behalf.

16.     On or about April 26, 2022, $3,500.00 was debited from Plaintiff's Wells Fargo Account via an Automated Teller Machine to an unknown person in two separate withdrawals of $2,500 and $1,000.

17.     On or about May 3, 2022, $1,000.00 was debited from Plaintiff's Wells Fargo Account via an Automated Teller Machine to an unknown person.

18.     On or about May 10, 2022, $3,000.00 was debited from Plaintiff's Wells Fargo Account via an Automated Teller Machine to an unknown person in two separate withdrawals of $1,500 each.

19.     Plaintiff did not provide permission or authorization for any person to make ATM withdrawals and did not provide a card or access key to any person to make said withdrawals.

20. Prior to May 1, 2022, Plaintiff was not aware of the circumstances relating to the aforesaid debits of funds from Plaintiff's Wells Fargo Account.

21. Plaintiff did not provide any person with consent to debit funds from Plaintiff's Wells Fargo Account at any time before or during these transactions.

22. Plaintiff did not provide any person with consent to debit funds from Plaintiff's Wells Fargo Account on any of the aforementioned occasions.

23. A total of $9,917.30 was debited from Plaintiff's Wells Fargo Account by unknown third parties without Plaintiff's knowledge, authorization, or consent, as delineated above.

24. On or about March 31, 2022, Defendant sent Plaintiff a monthly statement under 15 U.S.C. §1693d(c) which contained multiple of the unauthorized charges to Hopper.

25. On or about April 30, 2022, Defendant sent Plaintiff a monthly statement under 15 U.S.C. §1693d(c) which contained additional unauthorized charges to Hopper as well as two of the unauthorized ATM withdrawals.

26. Plaintiff became aware of the aforementioned transactions on May 10, 2022, and contacted Defendant that day to initiate a dispute over the transactions.

27. Plaintiff was then able to discern the aforementioned unauthorized ATM transactions.

28. On May 10, 2022, upon Plaintiff's receipt of the monthly statements from Defendant relative to Plaintiff's Wells Fargo Account, Plaintiff ascertained that $9,917.30 was debited from Plaintiff's Wells Fargo Account.

29. On May 10, 2022, and within sixty (60) days of Plaintiff's receipt of the aforesaid monthly statements, Plaintiff provided Defendant with notice that she disputed the debit of funds relative to Plaintiff's Wells Fargo Account.

30. At the time of her dispute on or May 10, 2022, Plaintiff provided Defendant with information to allow Defendant to identity Plaintiff's Wells Fargo Account, such as:

    a. Plaintiff's Wells Fargo Account number;

    b. Plaintiff's personal identifying information;

    c. The name under which Plaintiff's Wells Fargo Account was registered;

    d. The date of each transaction which Plaintiff disputed relative to Plaintiff's Wells Fargo Account;

    e. The amount of each transaction which Plaintiff disputed relative to Plaintiff's Wells Fargo Account.

31. On May 10, 2022, and within sixty (60) days of Plaintiff's receipt of the aforesaid monthly statements, Plaintiff provided Defendant with oral and/or written notice that she believed the debit of funds by these unknown third parties relative to Plaintiff's Wells Fargo Account on in March and April, 2022, as well as the ATM transactions in May,2022 were all unauthorized electronic transfer of funds from Plaintiff's Wells Fargo Account.

32. On multiple occasions, within sixty (60) days of Plaintiff's receipt of the aforesaid monthly statements, Plaintiff informed Defendant that she did not provide any person with consent to debit funds from Plaintiff's Wells Fargo Account.

33. Plaintiff provided Defendant with notice of the circumstances as to why Plaintiff believed the debit of funds by these unknown parties, was carried out in error, such as:

    a. Plaintiff never authorized the debit of funds from Plaintiff's Wells Fargo Account;

    b. Plaintiff never provided any person with permission, consent or authority to debit funds from Plaintiff's Wells Fargo Account;

    c. Plaintiff's past history on the account reflects she never used Hopper and had no relationship with Hopper;

    d. Plaintiff's past history on the account reflects that she never used her ATM card to withdraw more than $500 on any day at any given time.

    e. Certain of these transactions were made at the same time Plaintiff was making transactions with the same card, making the use of the card at two places an impossibility.

34. On May 23, 2022, Defendant sent correspondence to Plaintiff advising that it was providing Plaintiff a provisional credit in the amount of $4,670.80. However, Defendant's correspondence on May 23, 2022, stated that "for the remaining transactions, because you did not notify us within 60 days of the disputed charges first appearing on your account statement, we are unable to reimburse you…".

35. Defendant's statement is false in that each and every disputed charge appeared on a monthly statement within sixty days of her dispute. Defendant sent monthly statements on March 31, 2022, and April 30, 2022, each containing the aforementioned disputed charged, and Plaintiff's dispute on May 10, 2022 was within sixty days of the issuance of those statements.

36. To date, Defendant has not conducted a sufficient investigation relative to the error complained of by Plaintiff, and in fact has refused to investigate certain of Plaintiff's disputes in violation of 15 U.S.C. 1693f(a).

37. On May 23, 2022, Plaintiff received notification from Defendant that $638.30 was refunded by Hopper.

38. On August 15, 2022, more than ninety days since Plaintiff's dispute to Defendant, Defendant notified Plaintiff that it was providing a credit for $596.90.

39. To date, Defendant has not issued Plaintiff a credit for the funds debited by UNKNOWN THIRD PARTIES from Plaintiff's Wells Fargo Account.

40. Presently, Plaintiff remains without $4,011.30 that was debited by these unknown third parties from Plaintiff's Wells Fargo Account.

41. Defendant's conduct, as delineated above, was in violation of 15 U.S.C. §1693f(a).

42. Defendant's conduct, as delineated above, was in violation of 15 U.S.C. §1693f(c) for failing to provide a provisional credit for those funds it refused to investigate.

43. Defendant's conduct, as delineated above, was in violation of 15 U.S.C. §1693f(e)(1) and (2) for failing to conduct a reasonable investigation and coming to a conclusion that Plaintiff authorized the transactions when no reasonable person would come to said conclusion given the information that was in possession of Defendant at the time.

44. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer mental anguish and emotional distress and out-of-pocket damages.

WHEREFORE, Plaintiff, SUSAN MONTEMARANO, by and through her attorneys, respectfully prays for respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages allowable under 15 U.S.C. §1693m(a)(2)(A);

    c. Plaintiff's attorneys' fees and costs; and,

    d. Any other relief deemed appropriate by this Honorable Court.

### V. JURY DEMAND

45. Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,
**SUSAN MONTEMARANO**

By: s/ David M. Marco
Attorney for Plaintiff

Dated: March 7, 2023

David M. Marco *(Lead Counsel)*
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
7204 Kyle Court
Sarasota, FL 34240
Telephone:       (312) 546-6539
Facsimile:    (888) 418-1277
E-Mail:       dmarco@smithmarco.com